IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

United States of America

      Plaintiff,

*v.*

Undetermined quantities of . . . 1,3-
Dimethylamylamine HCl (DMAA) . . .

      Defendant,

and

Hi-Tech Pharmaceuticals, Inc., and Jared
Wheat,

      Claimants.

Civil Action No.
3:16MC024-JMV

## <u>ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER</u>

This matter is before the Court on the USA's motion [5] for protective order. Having

considered the briefs and arguments of counsel, the Court finds, as announced from the bench

during the telephonic hearing held on the motion, as follows:

By way of motion for protective order, the USA seeks an opportunity to review, prior to

production, certain documents subpoenaed in March 2016 by Hi-Tech Pharmaceuticals, Inc.

from the University of Mississippi. The specific categories of documents described in the

subpoena and for which the Government seeks an opportunity to review for privilege are set

forth at Docket No. [18-1] (Email dated 9/28/16). The Government first advised Hi-Tech and the

University of its interest in reviewing the subject documents in June 2016.

Hi-Tech opposes the motion for protective order even though it acknowledges the motion

is timely filed in response to its September 2016 motion [1] to compel a response to the

subpoena (the University having refused to respond because the discovery deadline in the related

case had expired when it was served with the subpeona and had not yet been extended). Instead, Hi-Tech argues that the Government's motion should be denied because the Government is responsible for Hi-Tech's waiting so long to file the motion to compel itself. Specifically, Hi-Tech says it waited so long to seek court intervention because it thought the Government had already agreed to extend the discovery deadline in the related case. The Court finds that this argument is unpersuasive since, among other reasons, Hi-Tech was made aware by the Government at least as early as June 2016 that even if there had ever been any suggested agreement in the related Georgia case to extend the discovery period for some unstated length of time, that agreement remained, at best, nebulous. It appears to the undersigned that Hi-Tech was aware through the summer that there was no agreement regarding an extension of discovery in place (so as to permit the University, who continued to refuse to respond to the subpoena until a new discovery deadline had been set, to do so). Indeed, during the hearing on this matter, Hi-Tech's counsel explained that he was, through the summer, trying to work something out about the discovery deadline – a feat apparently not accomplished until September of this year.

In short, the Court finds that Hi-Tech knew or should have known by at least June 2016 that, right or wrong, the Government was not willing to promptly agree to a date by which the discovery deadline might be extended. Thus, the opposition to the motion for protective order is not well taken, and the Government will be permitted 5 weeks (45 days) from today's date to complete its document review.[1] The government must–as it completes its review of such documents--immediately forward any non-privileged documents to counsel for Hi-Tech.

---

[1] The Court has selected 5 weeks based on the University's revised estimate that there are approximately a total of 14,000 documents to be produced by it and that it has taken 3 weeks of the University's counsel's time to complete his review of 8,323 pages of those documents. By prior agreement of the University and the parties, the University estimated its production would be complete 2 weeks from September 22, 2016, and its only real objection to the production–that a new discovery deadline in the Georgia litigation had not yet been reset--was no longer an obstacle to its production. Based on those assertions by the University, the then pending motion to compel the University to produce the subpoenaed documents was by agreement of all parties terminated by the Court on the docket as moot.

SO ORDERED, this 14th day of October, 2016.

/s/ Jane M. Virden
U. S. Magistrate Judge

---

At the hearing on the instant motion the University advised rather than 2 weeks, it would need additional time to complete production, and the Court agreed that an additional 5 weeks (45 days) from todays' date would be permitted the University to complete its production. Finally, this Court notes that there are apparently existing deadlines in the related Georgia action. The parties should address the matter of extension of those deadlines, if any, with the court in that case.